**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ROBERT LEROY NELSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 6:26-cv-293-JDK-JDL |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Robert Leroy Nelson, a prisoner currently confined in the Texas Department of Criminal Justice (TDCJ) proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 complaining of the legality of his confinement. The matter was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On June 29, 2026, Judge Love issued a Report (Docket No. 5) recommending that the writ be dismissed with prejudice and a certificate of appealability be denied sua sponte. Judge Love concluded that there was no due process issue with denying Petitioner eligibility for mandatory supervision in relation to his conviction for aggravated sexual assault in 1986. *Id.* at 2. A copy of the Report was sent to Petitioner, and he filed timely objections. Docket No. 7.

The Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation.

28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Alexander v. Verizon Wireless Servs., LLC*, 875 F.3d 243, 249 (5th Cir. 2017).

For portions of the Report to which no objections are filed, the Court reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that the standard of review is "clearly erroneous, abuse of discretion and contrary to law" if no objections to a Magistrate Judge's Report are filed).

**I.**

**A.**

Petitioner first objects that "the stated dates listed in the background" section "contradict . . . the date Petitioner's judgment of sentence was commenced." Docket No. 7 at 1. Petitioner confuses his date of offense with his date of sentence. It is true that he was sentenced in 1988, but the relevant date is the date of his offense, which, as Petitioner correctly points out, was 1986. It's not even clear what Petitioner's objection is because the Report correctly uses the date of his offense—1986—in the analysis. Regardless, Petitioner does not object to the fact that, since at least 1981, an inmate sentenced to life in prison is not eligible for mandatory supervision under Texas law. *See Ellason v. Owens*, 526 F. App'x 342, 344 (5th Cir. 2013) ("[A]t least since 1981, the relevant statute did not make mandatory supervision available to those with life sentences."). There is no "pre-1988" regime under which Petitioner would have been sentenced differently, despite his claims to the contrary.

This objection is overruled.

**B.**

Petitioner next objects to the Court's ruling that he has no constitutional right to annual parole reviews, and that the failure to grant such reviews does not violate due process or the Ex Post Facto clause.

Petitioner's objection notwithstanding, "Texas law does not create a liberty interest in parole that is protected by the Due Process Clause, [and] the failure to consider plaintiff for release on parole annually [does] not violate his right to due process," *Thomas v. Director, Texas Department of Criminal Justice*, 2022 WL 2865844, at *1 (E.D. Tex. July 20, 2022) (citing *Orellana v. Kyle*, 65 F.3d 29 31–32 (5th Cir. 1996)). Furthermore, "[d]enying plaintiff annual consideration for release on parole is not an *ex post facto* violation because being denied annual consideration creates only a 'speculative and attenuated risk' of increasing his punishment." *Id.* (citing *Pierce v. Lingston*, 728 F. App'x 370, 371 (5th Cir. 2018)). While Petitioner may believe "that the law in effect at the time he was convicted required annual parole reviews," Docket No. 7 at 2, that is simply not true. *See* TEX. CODE CRIM. PROC. art. 42.18 (Vernon 1985) (repealed) (*not* requiring annual parole reviews).

Petitioner's remaining objection is overruled.

**C.**

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Here, and throughout this post-conviction proceeding, Petitioner failed to identify the denial of

a constitutional right. He provides nothing that would call such finding into question, and he is not entitled to a certificate of appealability.

**II.**

After a review of the petition, the record, the Magistrate Judge's Report, Plaintiff's objections, and the relevant law, Plaintiff's objections (Docket No. 7) are **OVERRULED**. Accordingly, the Court hereby **ADOPTS** the Report of the United States Magistrate Judge (Docket No. 5) as the findings of the Court. The petition is **DISMISSED with prejudice**.

A certificate of appealability is **DENIED** *sua sponte*.

All other motions which may be pending are **DENIED as moot**.

So **ORDERED** and **SIGNED** this **8th** day of **August, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE